ON MOTION FOR CLARIFICATION
SHIVERS, Judge.
Appellant, defendant below, has raised two points by way of motion to clarify, both of which we find have merit. Our earlier opinion is thus modified as follows.
The first point involves our instruction to add three points to the scoresheet total. The appellant was originally charged by information with five counts, was found guilty of Counts 1, 2, 4, and 5, and pled nolo contendere to Count 3. Count 1, attempted second-degree murder with a firearm, was properly calculated on the score-sheet as the primary offense of conviction. Section 2 of the scoresheet, however, (“additional offenses at conviction”) reflected only three of the four other pending offenses — one second-degree felony, one third-degree felony, and one misdemeanor. The appellant’s four additional offenses actually included one misdemeanor (section 790.15), one second-degree felony (section 790.23), and two third-degree felonies (sections 843.01 and 322.212). Therefore, Section 2 of the scoresheet should contain an additional third-degree felony, instead of an additional second-degree felony as we held in our June 13, 1985 opinion.
Second, the record on appeal indicates that the appellant, at the sentencing hearing below, disputed a number of the prior convictions calculated on the scoresheet, and argued that the point total should be reduced from 225 to 210. Although the trial judge appeared to accept appellant’s arguments, no finding was made as to the correct total, possibly because the recommended range would have been 12 to 17 years under either total and because the trial court intended to depart from the guidelines. The addition of two points under Section 2, however, as mandated by this modified opinion, would place appellant in the next higher sentencing cell, making it necessary for the correct number of prior convictions to be determined.
Therefore, our opinion stands, but is modified in two respects. First, the trial court is instructed, on remand, to add two points to Section 2 of the scoresheet, instead of three. Second, the trial court is instructed to determine whether the number of points calculated under Section 3 of the scoresheet is correct, or whether that number should be reduced as argued by the appellant at the sentencing hearing. The other instructions contained in our opinion are to remain in effect.
ERVIN and JOANOS, JJ., concur.